**S. A. HEALY COMPANY, and/or Tom M. Hess, Inc., Petitioner, Appellant,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent, Appellee.**

**No. 409–69.**

United States Court of Appeals, Tenth Circuit.

Dec. 14, 1970.

Robert M. Yeates, Salt Lake City, Utah (Rex J. Hanson, Salt Lake City, Utah, on the brief), for petitioner-appellant.

Glen Bendixsen, Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliott Moore and Angelo V. Aracadipane, Attys., N. L. R. B., on the brief), for respondent-appellee.

Before PHILLIPS, HILL and HICKEY, Circuit Judges.

HILL, Circuit Judge.

This is a petition by S. A. Healy Co. and/or Tom M. Hess, Inc., to review and set aside an order of the National Labor Relations Board, hereinafter called the Board, regarding a labor violation of the company in relation to Fred W. Hamilton.[1] The Board makes cross-application to have its order enforced. The specific question involved here is the familiar one of whether substantial evidence exists in the record considered as a whole to support the Board's findings.[2]

Petitioner was at all times material engaged as a joint venturer in the construction of a section of interstate highway located near Knolls, Utah. The construction work started in July of 1967 and called for the use of numerous, large, heavy-duty earth moving vehicles commonly referred to as "doubles." Fred Hamilton, although initially hired as a greaser, was changed to the driver of one of these "doubles" in order to be in a better position to assume the role as union job steward. Hamilton had had previous experience as a job steward and acted vigorously at that role during his employment with petitioner. Included in these acts was one particular incident on November 29, 1967, when Hamilton initiated a work stoppage lasting approximately nine minutes.

On December 25, 1967, there was a temporary cessation of work due to adverse weather conditions and required equipment repairs. This shutdown resulted in the layoff of 35 drivers who operated "doubles." On February 15, 1968, petitioner in anticipation of work resumption rehired 18 of the 35 drivers who were laid off. Among the 17 drivers not recalled was Hamilton. It was the finding of the Board that the basis for petitioner's failure to recall Hamilton was his union activity as a job steward and that such constituted an unfair labor

1. The order was issued on June 17, 1969, pursuant to Section 10(c) of the National Labor Relations Act as amended (61 Stat. 136, 73 Stat. 519, 29 U.S.C. § 151 et seq.) and is reported at 176 N.L.R.B. No. 95.

2. Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

**316**

practice under 8(a) (3) and (1) of the National Labor Relations Act, as amended (61 Stat. 136, 73 Stat. 519, 29 U.S.C. § 151 et seq.).

The determination of which 18 drivers were to be rehired on February 15, 1968, was made at a meeting of William La-Vine, petitioner's office manager, William Smelden, petitioner's truck foreman prior to the December 25 layoff, Grant Haslam, Sr., grade foreman and a long time resident of the area, and John Tierney, who was to replace Smelden as truck foreman. Although there was some conflict as to what actually transpired at the meeting, the Trial Examiner credited the testimony of Haslam to the extent that Smelden opposed the recalling of Hamilton. Smelden was reported by Haslam to have said, "You want Hamilton back? He's caused him too much trouble with the union representative." The Trial Examiner found notwithstanding this statement that petitioner did not fail to recall Hamilton because of his union activities. The Board, however, reversed this finding.

■ The Trial Examiner acts for the Board in making initial findings and conclusions; however, the Board is the final determinator of the elements of the charge before it and is not bound by the Examiner's findings. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S. Ct. 456, 95 L.Ed. 456 (1951); Rocky Mountain Natural Gas Co. v. N. L. R. B., 326 F.2d 949 (10th Cir. 1964); N. L. R. B. v. Sapulpa Typographical Union, 321 F.2d 771 (10th Cir. 1963). This is particularly true where as in the instant case the question is one of drawing conclusions from facts established by the Examiner. N. L. R. B. v. Wichita Television Corp., 277 F.2d 579 (10th Cir. 1960). The statements here credited to Smelden are clear cut evidence that Hamilton's union activity was one of the considerations for his not being recalled. According to the record, Smelden's statement was the only protest or reason given for not rehiring Hamilton[3] and thus the fact that Hamilton was not rehired indicates that this was at least part of the reason for his failure to be recalled. It has been established that even if union activities are only a partial motive for discharge then an 8(a) (3) violation has been established. See Betts Baking Co. v. N. L. R. B., 380 F.2d 199 (10th Cir. 1967), N. L. R. B. v. Bear Brand Roofing, Inc., 312 F.2d 616 (10th Cir. 1962).

■ Petitioner argues that the statements credited to Smelden do not establish unlawful discrimination because they are in conflict with LaVine's testimony that there were no specific objections to any of the drivers. The Board found, however, that to the extent there was conflict between LaVine's statement that there was no objection to Hamilton and Haslam's statement that Smelden had objected because of Hamilton's union activity, Haslam's statement should be credited. This is apparently true as the Examiner expressly found that Smelden objected to Hamilton's recall. This could only refer to his statement of Hamilton's activities.

Second, petitioner claims that since Hamilton was not discharged following the November 29th work stoppage when the company might have legitimately done so it is illogical to assume that the failure to recall Hamilton was discriminatory. This argument is invalid for several reasons. The exact nature of the work stoppage was not determined either by the Examiner or the Board, and we cannot assume at this time that it would have been legitimate grounds for Hamilton's dismissal had the company so chosen to act immediately following the incident. In any respect, it does not appear that this incident was the sole basis for Smelden's statements which do not refer to any specific incident but rather are general in nature, i. e., "He's caused him too much trouble with the union representative." The evidence shows that on numerous occasions Hamilton pressed grievances resulting in consultation with

---

3. There apparently was no question but that Hamilton was a qualified driver.

the union representative. Further, the Examiner found that Hamilton had had numerous arguments with Smelden concerning union matters. The Board obviously found that the statement referred to Hamilton's overall protected activities as a union steward, N. L. R. B. v. Symons Manufacturing Co., 328 F.2d 835 (7th Cir. 1964), rather than the questionable work stoppage incident.

The central question in this case was the extent to which Hamilton's union activities resulted in his failure to be recalled. The Board found that the statement credited to Smelden was sufficient indication that Hamilton's union activities were responsible for his failure to be recalled to establish an 8(a)(3) violation. We cannot say reviewing the record as a whole that this does not constitute substantial evidence to support their finding.

Because of his untimely death, Judge HICKEY did not participate in the decision in this case.

The order of the Board will be enforced.